UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDRE' MARSHALL, | ) |
| Petitioner, | ) )  ) |
| v. | )  No. 1:19-cv-03021-SEB-TAB |
| DUSHAN ZATECKY, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Andre' Marshall's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISR 18-11-0071. For the reasons explained in this Entry, Mr. Marshall's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On November 7, 2018, Investigator Long wrote the following conduct report charging Mr. Marshall with code violation A-121, Possession of Cellular Devices:

> On the above date and time I Investigator A. Long found the following items while searching the assigned blue locker of offender Marshall, Andre DOC 238420 (K5-4-10).
>
> Three Cell Phones
>
> - One Black ZTE
> - One Black Alcatel
> - One Black Samsung

Dkt. 8-1. Investigator Long additionally provided an email statement on November 15, 2018, that stated: "Pertaining to the incident that happened on 11/06/2018 Marshall, Andre 238420 ID was left on his assigned locker." Dkt. 8-14.

Mr. Marshall received a Notice of Disciplinary Hearing and Screening Report on November 14, 2018. Dkt. 8-2. Mr. Marshall pleaded not guilty and requested a lay advocate. *Id.* Mr. Marshall did not request any witnesses but did request video of the incident. *Id.* Mr. Marshall was not allowed to review the video evidence for security reasons, but the Disciplinary Hearing Officer (DHO) reviewed and summarized the footage as follows:

> Upon reviewing the incident that occurred for case ISR 18-11-0071, ISR 18-11-0072, ISR 18-11-0073 I C. Cooke saw the following:
>
> 11:04 II Long steps into bed area of K5 4-10 and begins looking in the blue locker closest to the half wall, assigned to K5-4-10.
>
> 11:04:26 Another custody staff member walks into the area and holds a flashlight up and shines into the blue locker while Investigator Long kneels down and continues his examination of the locker.
>
> 11:06:47 Investigator Long stands up with several items in his hands and places them on top of the blue locker, then immediately bends back down and proceeds searching while the flashlight is clearly seen shining into the blue locker.

2

>Long spends several moments investigating the property in the blue locker.
>
>11:07:36 Investigator Long is seen retrieving several items from inside the locker and from on top of the locker. A white cord is clearly dangling from Investigator Long's grip. Several cell phones can also be seen in his hand.
>
>11:08:22 Several items can be seen on top of the locker as custody staff examines the items and photographs them.
>
>11:09:13 All items are placed in a dark baggy by Investigator Long.

Dkt. 8-9. The Court has reviewed the video footage provided for *in camera* review and finds that the summation provided accurately depicts the events that occurred.

Mr. Marshall requested two continuances of his disciplinary hearing, both of which were granted. Dkts. 8-3 and 8-4. Mr. Marshall's hearing was held on December 6, 2018, and he made the following statement:

>I never received copy of evidence. I asked for Long as a witness. E-squad shook me down before Long. But video says Long found. Who found? Did e-squad find & leave it there. E-squad did not find. Still missing my property. Not my assigned locker. If in my property why didn't I get my property back? Could have come from anywhere.

Dkt. 8-6. The DHO reviewed the staff reports, statement of offender, physical and photographic evidence, and the video evidence and found Mr. Marshall guilty. *Id.* Mr. Marshall's sanctions included a deprivation of 60 days earned credit time and a credit class demotion. *Id.*

Mr. Marshall appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, but neither appeal was successful. Dkts. 8-10 and 8-11. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The Warden filed a response in opposition. Dkt. 8. Mr. Marshall did not file a reply.

### C. Analysis

The only ground Mr. Marshall asserts in his petition is a challenge to the sufficiency of the evidence to support his conviction. Dkt. 1. Mr. Marshall argues that he was housed in an open

dorm and there are no assigned blue lockers there. *Id.* at 5. Mr. Marshall argues he was not the only offender assigned to the bed area, and that the officer's decision to charge him was "clear speculation because he has no way of knowing which locker belonged to which offender." *Id.* Mr. Marshall contends that because the officer failed to prove he was assigned the locker or that the locker was ever in his possession or control, there is insufficient evidence to find him guilty. *Id.*

Courts may not reweigh evidence already presented at a prison disciplinary hearing. *Viens v. Daniels*, 871 F.2d 1328, 1328 (7th Cir. 1989). Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of a piece of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

Code A-121, Possession of Cellular Devices, prohibits "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Dkt. 8-13 at 3. Further, "possession" constitutes:

> On one's person, in one's quarters, **in one's locker** or under one's physical control. For the purposes of these procedures, **offenders are presumed to be responsible for any property, prohibited property or contraband** that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are **under their control**. **Areas under an offender's control include, but are not limited to:** the door track, window ledge, ventilation unit, plumbing and the offender's desk, **cabinet/locker**, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

Dkt. 8-12 at 5 (emphasis added). The DHO considered multiple forms of evidence in this case, including the staff reports, physical evidence and photographs taken of the property found, and video evidence. Dkt. 8-6. The DHO provided the following reasoning for his decision: "Conduct is clear. Inv. Long found property in [Marshall's] possession. Video coberates [sic] the conduct report." *Id.*

The video shows that Investigator Long found three cell phones in a blue locker in Mr. Marshall's housing area. The conduct report and evidence record confirm that the three cell phones were found in that locker. Moreover, the locker was identified as Mr. Marshall's assigned locker, and Investigator Long's email notes that Mr. Marshall's identification card was found on top of the locker. According to the Disciplinary Code, these pieces of evidence support the conclusions that the three cell phones were in an area under Mr. Marshall's control and that he therefore violated Code A-121.

Mr. Marshall's challenge of the sufficiency of the evidence fails and relief based upon this ground is **denied.**

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Marshall to the relief he seeks. Accordingly, Mr. Marshall's petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/12/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANDRE' MARSHALL
238420
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov